## UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

| | |
|---|---|
| GERALD THOMPSON,<br>    Plaintiff, | Case No. 1:15-cv-553 |
| vs | Barrett, J.<br>Bowman, M.J. |
| LT. ESHAM, et al.,<br>    Defendants. | **ORDER AND REPORT<br>AND RECOMMENDATION** |

Plaintiff, an inmate at the Southern Ohio Correctional Facility (SOCF), brings this civil rights action under 42 U.S.C. § 1983 against nine SOCF correctional officers and a nurse at SOCF.  (*See* Doc. 1, Complaint, p. 4, at PAGEID#: 12).  By separate Order, plaintiff has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.  This matter is before the Court for a *sua sponte* review of the complaint to determine whether the complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief.  *See* Prison Litigation Reform Act of 1995 § 804, 28 U.S.C. § 1915(e)(2)(B); § 805, 28 U.S.C. § 1915A(b).

In enacting the original *in forma pauperis* statute, Congress recognized that a "litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez,* 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams,* 490 U.S. 319, 324 (1989)).  To prevent such abusive litigation, Congress has authorized federal courts to dismiss an *in forma pauperis* complaint if they are satisfied that the action is frivolous or malicious.  *Id.*; *see also* 28 U.S.C. §§ 1915(e)(2)(B)(i) and 1915A(b)(1).  A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or

law. *Neitzke v. Williams,* 490 U.S. 319, 328-29 (1989); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke,* 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton,* 504 U.S. at 32; *Lawler,* 898 F.2d at 1199. The Court need not accept as true factual allegations that are "fantastic or delusional" in reviewing a complaint for frivolousness. *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Neitzke*, 490 U.S. at 328).

Congress also has authorized the *sua sponte* dismissal of complaints that fail to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915 (e)(2)(B)(ii) and 1915A(b)(1). A complaint filed by a *pro se* plaintiff must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)). By the same token, however, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Hill*, 630 F.3d at 470-71 ("dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). The Court must accept all well-pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a

factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Although a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557. The complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson*, 551 U.S. at 93 (citations omitted).

Plaintiff, who is proceeding *pro se*, brings this § 1983 action against the following SOCF staff members: "Nurse Hart"; Lt. Esham; Sgt. McCrosky; C/O Sears; C/O Hutchinson; C/O Henson; Lt. Rogers; C/O Lewis; C/O Layne; and C/O Butterbaugh. (*See* Doc. 1, Complaint, p. 4, at PAGEID#: 12). Construing the complaint liberally, it appears that plaintiff seeks relief based on three causes of action.

The first cause of action stems from an incident that purportedly occurred at SOCF on January 25, 2015. Plaintiff generally alleges that on that date, "Lt. Esham [e]t [a]l." used excessive force against him and that Nurse Hart denied him medical treatment. (*Id.*, p. 5, at PAGEID#: 13). Plaintiff has attached as an exhibit to the complaint an informal complaint that he submitted to prison officials, which provides more specific information about the incident. (*See id.*, at PAGEID#: 15). In the informal complaint, dated July 28, 2015, plaintiff averred that "Lt. Esham et al." assaulted him "with mace in a heated cell – windows closed – then tray slot closed"; that he was "stuck in cell with heated mace & no air – lungs collapsed"; and that when he was taken out of the cell, he was "forced to walk" in handcuffs and leg irons "in spite of no

3

eye sight" with his "head continuously slammed into walls." (*Id.*). Plaintiff further stated that Nurse Hart did not provide him with a "mandatory eye flushing"; that "no decontamination shower given until 2.15.15; and that "no medical help given unto date 7.28.15." (*Id.*). Plaintiff complained that he suffers from the following "untreated" injuries: "blurry vision"; "seizures"; "memory & cognitive skills lost"; "vertigo"; "numb left wrist"; "internal bleeding." (*Id.*).

Petitioner's second cause of action involves allegations regarding the loss or destruction of his personal property accumulated over a twelve-year period. Petitioner generally alleges in the complaint that Sgt. McCrosky gave his property to another inmate and that SOCF's institutional inspector denied his request to replace, or reimburse him for, the lost property. (*Id.*, Complaint, p. 5, at PAGEID#: 13). It appears from the informal complaint attached as an exhibit to the complaint that the incident giving rise to this claim occurred on January 26, 2015 when "property room pack up came to pack up [his] 12 years plus of property." (*See id.*, at PAGEID#: 16-17).

Finally, the third cause of action is based on the following vague and difficult to decipher allegations set forth in the substance of the complaint:

> C.O. Sears mental continues & promotes new C.O.'s/trainees to practice dehumanizing dog/pet cannibal cruel & unusual punishment[.] C.O. Hutchinson mental health does exact same as C.O. Sears[.] C.O. Henson * Lewis * Layne * Butterbaugh of K2- SOCF do the same tortuous cruel & unusual big dog/pet cannibal dehumanizing practices.

(*Id.*, Complaint, p. 5, at PAGEID#: 13). The only allegations in the informal complaint attached as an exhibit to the complaint that arguably pertain to this cause of action are that the defendant correctional officers in SOCF's "mental health" block "whistl[e] loud[ly] & incite[]" inmates "to holler & scream by stating [petitioner] . . . is a cannibal[.] He killed and ate his wife[.] He's our

4

big pet dog – we whistle at him before every chow." (*Id.*, at PAGEID#: 20).

As relief, plaintiff requests $75,000 in both compensatory and punitive damages from the defendants. (Id., Complaint, p. 6, at PAGEID#: 14). He also requests "medical care A.S.A.P."; "protective custody placement"; and "reimbursement for . . . 12 years plus of los[t]/stolen property and phone calls to repurchase items." (*Id.*).

At this stage in the proceedings, without the benefit of briefing by the parties to this action, the undersigned concludes that plaintiff may proceed with his first cause of action against defendants Esham and Hart stemming from the incident on January 25, 2015, which allegedly involved the excessive use of force by Esham and the denial of medical care after the incident by Hart in violation of the Eighth Amendment.[1] *See* 28 U.S.C. § 1915(e)(2)(B).

However, the complaint is subject to dismissal in all other respects. As a threshold matter, plaintiff has not mentioned defendant Rogers in the substance of the complaint. Therefore, any claim against Rogers should be dismissed. In addition, plaintiff's second and third causes of action do not state an actionable claim under § 1983 against the remaining defendants, because plaintiff has not alleged facts showing that he was deprived of "a right secured by the United States Constitution or a federal statute by a person who was acting under color of state law." *See Spadafore v. Gardner*, 330 F.3d 849, 852 (6th Cir. 2003).

To the extent that plaintiff asserts in his second cause of action that defendant McCrosky should be held liable for the loss or destruction of his property taken from him on January 26, 2015, he has failed to state a due process claim in the absence of a showing that state post-deprivation remedies are inadequate or unavailable to redress the wrong. *See Hudson v. Palmer*,

---

[1] To the extent plaintiff has suggested in the complaint that other correctional officers may have participated in the January 25, 2015 incident involving the use of mace, he only identified Esham as using excessive force against him. Therefore, plaintiff may proceed with the claim against Esham only.

468 U.S. 517, 530-33 (1984) (holding that "unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available"); *see also Parratt v. Taylor,* 451 U.S. 527, 539-42 (1981) (involving the negligent deprivation of property by a state employee). "State tort remedies generally satisfy the postdeprivation process requirement of the Due Process Clause." *Fox v. Van Oosterum*, 176 F.3d 342, 349 (6th Cir. 1999) (citing *Hudson*, 468 U.S. at 534-36). Plaintiff's complaint fails to explain why a state tort remedy would not suffice to address his claim. Because plaintiff has not alleged any facts even remotely indicating that available remedies under Ohio law to redress the wrong of which he complains are inadequate, he fails to state a due process claim that is actionable in this § 1983 proceeding. *Cf. Rivers v. Turner*, No. 3:14cv2547, 2015 WL 5444838, at *2, *6 (N.D. Ohio Sept. 15, 2015) (holding that the Ohio prisoner failed to state a Fourteenth Amendment deprivation-of-property claim stemming from the loss or destruction of his "legal materials and personal property," which had been ordered by a correctional officer to be placed in storage, because "adequate state remedies exist" to redress the injury); *see also Rose v. Ruppert*, No. 1:14cv269, 2014 WL 3573665, *3 (S.D. Ohio Apr. 30, 2014) (Bowman, M.J.) (holding that claim alleging that the plaintiff-prisoner was deprived of his personal property without due process of law was subject to dismissal at screening stage), *adopted*, 2014 WL 3573601 (S.D. Ohio July 21, 2014) (Dlott, J.); *Perdue v. Ohio Dep't of Corr.*, No. 1:13cv878, 2014 WL 661707, at *1, *5 (S.D. Ohio Feb. 19, 2014) (Barrett, J.; Litkovitz, M.J.) (same).

Finally, with respect to plaintiff's third cause of action, plaintiff's allegations against defendants Sears, Hutchinson, Henson, Lewis, Layne and Butterbaugh do not trigger federal constitutional concerns under the Eighth Amendment. It is well-settled that allegations of verbal

6

abuse and harassment do not rise to the level of "a constitutional violation and are insufficient to support a section 1983 claim for relief." *See Wingo v. Tennessee Dep't of Corr.,* 499 F. App'x 453, 455 (6th Cir. 2012) (per curiam) (citing *Ivey v. Wilson*, 832 F.2d 950, 955 (6th Cir. 1987)); *see also Chilcott v. Erie Cnty. Domestic Relations*, 283 F. App'x 8, 11 (3rd Cir. 2008) (and Sixth, Fifth and Tenth Circuit cases cited therein). *Cf. Johnson v. Unknown Dellatifa*, 357 F.3d 539, 545-46 (6th Cir. 2004) (affirming dismissal of § 1983 complaint against a correctional officer for failure to state a claim even though the complaint contained the following allegations amounting to "shameful and utterly unprofessional behavior" by the correctional officer: the correctional officer continuously banged and kicked plaintiff's cell door, threw the plaintiff's food trays so hard that the top of the tray would fly off, made aggravating and insulting remarks to plaintiff, growled and snarled at plaintiff, smeared the plaintiff's window to prevent him from seeing out of it, behaved in a "racially prejudicial manner" toward the plaintiff and "intentionally harasse[d]" plaintiff "in an attempt to cause him to suffer a heart attack, stroke or nervous breakdown").[2]

Accordingly, in sum, the undersigned concludes that all claims alleged by plaintiff in his complaint are subject to dismissal on the ground that plaintiff has failed to state a claim upon which relief may be granted, except that plaintiff may proceed with his first cause of action against defendants Esham and Hart based on (1) Esham's alleged use of excessive force against plaintiff on January 25, 2015; and (2) Hart's alleged denial of medical care to plaintiff following

---

[2] It is noted that plaintiff raised a similar claim against defendant Sears and another SOCF correctional officer not named in this action in a prior civil complaint that he filed with this Court. *See Gerald Thompson v. Ohio Dep't of Rehab. & Corr., et al.*, No. 1:14-cv-935 (S.D. Ohio) (Dlott, J.; Bowman, M.J.) (Doc. 1, at PAGEID#: 3-4, 20). The claim was dismissed at the screening stage on the ground that the challenged "conduct does not amount to a constitutional violation and, therefore, does not give rise to an actionable claim under § 1983." *Id.* (Doc. 11, pp. 7-8, at PAGEID#: 103-04; Doc. 33). The case is still pending before the Court, but only on limited claims for damages that were allowed to proceed against two SOCF correctional officers based on incidents that occurred in 2013 involving the alleged use of excessive force. *Id.* (Doc. 33, p. 2, at PAGEID#: 261).

the January 25, 2015 incident, which involved the use of mace.

## IT IS THEREFORE RECOMMENDED THAT:

The following causes of action alleged in the plaintiff's complaint be **DISMISSED** on the ground that plaintiff has failed to state a claim upon which relief may be granted by this Court:  (1) any claim against defendant Rogers in the absence of any allegations against Rogers in the substance of the complaint; (2) plaintiff's claim against defendant McCrosky for the loss or destruction of plaintiff's personal property; and (3) plaintiff's claims against defendants Sears, Hutchinson, Henson, Lewis, Layne and Butterbaugh for their alleged "big dog/pet cannibal dehumanizing practices." (*See* Doc. 1, Complaint).

## IT IS THEREFORE ORDERED THAT:

1.  Plaintiff may proceed with his first cause of action against defendants Esham and Hart based on allegations of excessive use of force and denial of medical care stemming from an incident that occurred on January 25, 2015 at SOCF.

2. Because plaintiff has yet to provide the Court with service copies of his complaint in compliance with the Deficiency Order filed September 1, 2015 (*see* Doc. 2),[3] plaintiff is hereby **ORDERED** to submit within **thirty (30) days** of the date of this Order two (2) copies of the complaint so that the named defendants who remain in the case—"Lt. Esham" and "Nurse Hart"—may be served with the complaint.  The Clerk is **DIRECTED** to send plaintiff a copy of his complaint for the purpose of making the requisite service copies.

Upon receipt of the service copies of the complaint and completed summons and United States Marshal forms, the Court shall order service of process by the United States Marshal in

---

[3] It appears from the Court's docket records that plaintiff recently submitted completed summons and United States Marshal forms for each defendant in compliance with the Deficiency Order.

this case.  Plaintiff is **NOTIFIED** that if he does not submit service copies of the complaint and completed summons and United States Marshal forms for the two defendants who remain in this case within the requisite 30-day period, the complaint shall be dismissed with prejudice for lack of prosecution.

      3.  Plaintiff shall serve upon defendants or, if appearance has been entered by counsel, upon defendants' attorney(s), a copy of every further pleading or other document submitted for consideration by the Court.  Plaintiff shall include with the original paper to be filed with the Clerk of Court a certificate stating the date a true and correct copy of any document was mailed to defendants or their counsel.  Any paper received by a district judge or magistrate judge which has not been filed with the Clerk or which fails to include a certificate of service will be disregarded by the Court.

      4.  Plaintiff shall inform the Court promptly of any changes in his address which may occur during the pendency of this lawsuit.

                                 *s/Stephanie K. Bowman*
                                   Stephanie K. Bowman
                                   United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

GERALD THOMPSON,
    Plaintiff,

vs

LT. ESHAM, et al.,
    Defendants.

Case No. 1:15-cv-553

Barrett, J.
Bowman, M.J.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

cbc