UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| GERALD THOMPSON,<br>  Plaintiff, | Case No. 1:15-cv-553 |
| vs. | Barrett, J.<br>Bowman, M.J. |
| LT. ESHAM, et al.,<br>  Defendants. | **ORDER AND REPORT<br>AND RECOMMENDATION** |

  Plaintiff, a prisoner at the Southern Ohio Correctional Facility (SOCF), in Lucasville, Ohio, initiated this civil rights action under 42 U.S.C. § 1983 in August 2015. (*See* Doc. 1). On October 2, 2015, the undersigned granted plaintiff's application for leave to proceed *in forma pauperis* upon his compliance with a Deficiency Order issued September 1, 2015. (*See* Docs. 2-5). The undersigned also issued a separate Order and Report and Recommendation to dismiss most of the claims alleged in the complaint for failure to state a claim upon which relief may be granted. (*See* Doc. 7). However, plaintiff was allowed to proceed with a cause of action against two SOCF staff members, "Lt. Esham" and "Nurse Hart," based on "(1) Esham's alleged use of excessive force against plaintiff on January 25, 2015; and (2) Hart's alleged denial of medical care to plaintiff following the January 25, 2015 incident, which involved the use of mace." (*Id.*, at PAGEID#: 58-59). Because plaintiff had not provided service copies of his complaint in accordance with the September 1, 2015 Deficiency Order, he was ordered to submit two copies of the complaint within thirty (30) days "so that the named defendants who remain in the case . . . may be served with the complaint." (*Id.*, at PAGEID#: 59).

  Thereafter, plaintiff filed objections to the undersigned's Report and Recommendation,

which are currently pending before the District Court, as well as a "Motion To Amend Original Complaint." (Docs. 10-11). This matter is now before the Court on the plaintiff's motion requesting leave to amend the complaint. (Doc. 10).

Plaintiff's request to file an amended complaint (Doc. 10) is **GRANTED** in light of the Sixth Circuit's decision in *LaFountain v. Harry*, 716 F.3d 944 (6th Cir. 2013). It appears from the 12-page amended complaint attached to plaintiff's motion that the pleading is filed as an addition to the original 6-page complaint. (*See* Doc. 10, at PAGEID#: 67-78; *see also* Doc. 6). The amended complaint is subject to *sua sponte* review by this Court in accordance with the standards set forth in detail in the October 2, 2015 decision addressing the original complaint (*see* Doc. 7, at PAGEID#: 52-54), which are incorporated by reference herein. *See also* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007); *Denton v. Hernandez,* 504 U.S. 25, 31-32 (1992); *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010).

The amended complaint is rambling and extremely difficult to decipher. To the extent that plaintiff supplements claims contained in the original complaint that the undersigned has determined in the October 2, 2015 Order and Report and Recommendation should be dismissed at the screening stage, his additional allegations do not persuade the undersigned that any of those screening dismissal recommendations should be vacated. Therefore, only the amended complaint's supplementation of the claims in the original complaint that have been allowed to proceed should be permitted.

In the amended complaint, plaintiff also seeks to add new claims and defendants. Construing the pleading liberally, it appears that plaintiff is bringing a new cause of action against a new defendant, Mrs. Aldridge of SOCF's "Legal Services" department, based on the

allegation that he lacks access to adequate legal resources and, therefore, is unable to comply with this Court's October 2, 2015 order requiring him to provide the Court with two copies of his complaint for service purposes. (Doc. 10, at PAGEID#: 67-68).

Plaintiff also brings a new excessive force claim based on an incident that allegedly occurred on June 11, 2015 at SOCF. Plaintiff alleges that on that date, SOCF correctional officers "Lt. Esham" and "Lt. Rogers," who were both named as defendants in the original complaint, sprayed mace into his closed, unventilated prison cell. (*Id.*, at PAGEID#: 68-69). Plaintiff states that Rogers sprayed mace "directly in [his] face" and that he suffered "internal bleeding" and collapsed lungs from the incident. (*Id.*).

Plaintiff additionally complains that he has been subjected to "cruel & unusual punishment for the past 34 months due to" the following incidents at SOCF: (1) a "staged assault" that occurred in December 2012, which caused plaintiff to receive a disciplinary sanction; (2) plaintiff's "coerced" placement "back on psyche meds" and in the "C1 Mental Health Status/Experimentation Solitary Confinement for the most mentally deranged i.e. insane & retarded inmates"; (3) incidents occurring on September 22, 2013 and in December 2013 involving SOCF correctional officers Ryan Rush and "C.O. Henderson"; and (4) the January 25, 2015 incident, which forms the basis of the excessive force claim alleged in the original complaint against defendant Esham that has survived screening scrutiny and which plaintiff further claims in the amended complaint led to Esham's issuance of a "false conduct report/false use of force report" and imposition of a disciplinary sanction of "more time locked in solitary confinement." (*Id.*, at PAGEID#: 69-72).

Finally, plaintiff names the following individuals as additional defendants in this lawsuit: Duke Cool, SOCF's Deputy Warden of Operations; Cynthia Davis, SOCF's "Unit Manager

Administrator"; two "John Doe" SOCF correctional officers; and Dr. Ahmed, a physician at SOCF. (*See id.*, at PAGEID#: 68-69, 71-76). Plaintiff's complaint against the two "John Doe" correctional officers stems from their participation in the January 25, 2015 incident involving the alleged use of excessive force. (*Id.*, at PAGEID#: 72-73). Although plaintiff's complaint against Cool is rambling, it appears to be based on general allegations that Cool failed to properly supervise SOCF correctional officers who assaulted and issued "false conduct reports" against plaintiff, to investigate the specific incidents involving the alleged use of excessive force and "false conduct reports," or to protect plaintiff from correctional officers and inmates who have targeted him "for ongoing assault(s)[,] threats of death and attempts" to kill. (*See id.*, at PAGEID#: 68-69, 71, 74-76). Plaintiff's complaint against Davis is based on general allegations that Davis has failed to either assign him to protective custody or to ensure his continued placement in protective custody in light of the threats to his safety by correctional officers and other inmates. (*See id.*, at PAGEID#: 71, 73-76). Plaintiff's complaint against Dr. Ahmed is based on Ahmed's alleged failure to diagnose and properly treat his "blurry vision," which is worsening; his "internal bleeding," which is "not helped with heartburn medicine"; his acid reflux disease; his "seizures, black outs – vertigo – loss of memory"; and his "numb left wrist." (*Id.*, at PAGEID#: 76-77).

   At this stage in the proceedings, without the benefit of briefing by the parties to this action, the undersigned concludes that plaintiff may proceed with the new excessive force claim against defendants Esham and Rogers based on the macing incident that allegedly occurred on June 11, 2015 at SOCF. Plaintiff may also proceed with claims against the two "John Doe" defendants to the extent that he avers they participated in the incident allegedly involving the excessive use of force that occurred on January 25, 2015 at SOCF. In addition, out of an

4

abundance of caution in light of plaintiff's allegations of numerous assaults and threats by correctional officers over the past year, plaintiff may proceed at this juncture with claims against defendants Duke Cool and Cynthia Davis for failing to protect him from known risks to his safety. Because plaintiff is now allowed to proceed with a cause of action against defendant Rogers, the undersigned hereby **VACATES** the recommendation contained in the October 2, 2015 Order and Report and Recommendation that Rogers be dismissed as a defendant in this action. (*See* Doc. 7, pp. 5, 8, at PAGEID#: 56, 59). In all other respects, however, the October 2, 2015 Order and Report and Recommendation remains in effect. Moreover, for the reasons given below, it is **RECOMMENDED** that plaintiff not be allowed to proceed with any other new claims alleged in the amended complaint.

First, plaintiff's claim against Mrs. Aldridge of SOCF's "Legal Services" should be dismissed for failure to state a viable federal claim under § 1983. Plaintiff's general, unsupported allegation that he has been denied access to adequate legal resources at SOCF is simply too conclusory to give rise to an actionable claim. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007). To the extent plaintiff has suggested that he is unable to comply with this Court's October 2, 2015 Order directing him to submit service copies of his complaint because he lacks the resources required to photocopy the complaint at the prison, plaintiff's constitutional right of access to the courts does not include unlimited free photocopying services. *Courtemanche v. Gregels*, 79 F. App'x 115, 117 (6th Cir. 2003); *Bell Bey v. Toombs*, No. 93-2405, 1994 WL 105900, at *2 (6th Cir. Mar. 28, 1994) (citing *Sands v. Lewis*, 886 F.2d 1166, 1169 (9th Cir. 1989); *Wanninger v. Davenport*, 697 F.2d 992, 994 (11th Cir. 1983) (per curiam)). *Cf. Sweeting v. Noble Corr. Inst.*, No. 2:13cv941, 2014 WL 1342872, at *2 (S.D. Ohio Apr. 3, 2014). Furthermore, although plaintiff has been granted the

right to proceed *in forma pauperis*, he is not entitled under the *in forma pauperis* statute to free copies of documents that he generated and previously filed with the Court. *See Anderson v. Gillis*, 236 F. App'x 738, 739 (3rd Cir. 2007); *see also Martin v. Aramark Food Corp.,* No. 2:15cv1112, 2015 WL 3755944, at *4 (S.D. Ohio June 16, 2015); *Brown v. Voorhies*, No. 2:07cv13, 2007 WL 2071907, at *1 (S.D. Ohio July 17, 2007). Finally, plaintiff is unable to prevail on any claim that the prison's failure to provide free photocopying services has denied him access to the court in this lawsuit. This Court's local rules permit plaintiff to submit handwritten, legible copies of his complaint. *See* S.D. Ohio Local Civ. R. 5.1(a). Because plaintiff thus has another alternative available to him for submitting the requisite service copies of his complaint, his allegations against Aldridge do not trigger constitutional concerns.

Second, although plaintiff has been allowed to proceed on a failure-to-protect claim alleged in the amended complaint against defendants Cool and Davis, he has not stated a claim against those defendants to the extent he also seeks to hold them liable for failing to supervise the correctional officers who allegedly used excessive force against him or for failing to investigate the use of force incidents. Prison officials whose only roles "involve their denial of administrative grievances and their failure to remedy the alleged [unconstitutional] behavior'" cannot be liable under § 1983. *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). It is well-settled that the doctrine of *respondeat superior* does not apply in § 1983 lawsuits to impute liability onto supervisory personnel. *See, e.g., Wingo v. Tennessee Dep't of Corr.,* 499 F. App'x 453, 455 (6th Cir. 2012) (per curiam) (citing *Polk Cnty. v. Dodson,* 454 U.S. 312, 325 (1981)). "In order to find supervisory personnel liable, a plaintiff must allege that the supervisors were somehow personally involved in the unconstitutional activity of a subordinate, ... or at least acquiesced in the alleged unconstitutional activity of a subordinate." *Id.* (citing *Dunn v.*

6

*Tennessee*, 697 F.2d 121, 128 (6th Cir. 1982), and *Bellamy v. Bradley,* 729 F.2d 416, 421 (6th Cir. 1984)); *see also Colvin v. Caruso,* 605 F.3d 282, 292 (6th Cir. 2010) (quoting *Cardinal v. Metrish*, 564 F.3d 794, 803 (6th Cir. 2009)) (to succeed on claim against supervisory state prison officials, the plaintiff must show the officials "at least implicitly authorized, approved or knowingly acquiesced in the unconstitutional conduct of the offending officers"). In the absence of any factual allegations indicating "direct, active participation" in the correctional officers' alleged misconduct, plaintiff has "failed to state a plausible claim" against defendants Cool and Davis in their supervisory capacity. *Cf. Wingo,* 499 F. App'x at 455 (involving analogous claim against state correctional supervisory officials); *see also Koch v. Cnty. of Franklin*, No. 2:08cv1127, 2010 WL 23686352, at *10-11 (S.D. Ohio June 10, 2010) (Frost, J.) ("a supervisory official's failure to supervise, control or train the offending individual is not actionable unless the supervisor either encouraged the specific incident of misconduct or in some other way directly participated in it") (internal citations and quotations omitted).

Third, any claim by plaintiff stemming from an incident that occurred in December 2012, over two years prior to the filing of the instant action, is time-barred. *See, e.g., Browning v. Pendleton*, 869 F.2d 989, 992 (6th Cir. 1989) (holding that the "appropriate statute of limitations for 42 U.S.C. § 1983 civil rights actions arising in Ohio is contained in Ohio Rev. Code § 2305.10, which requires that actions for bodily injury be filed within two years after their accrual"); *see also Wallace v. Kato*, 549 U.S. 384, 387 (2007) (and Supreme Court cases cited therein); *Jones v. Bock,* 549 U.S. 199, 215 (2007). *Cf. Fraley v. Ohio Gallia Cnty.*, No. 97-3564, 1998 WL 789385, at *1-2 (6th Cir. Oct. 30, 1998); *Anson v. Corr. Corp. of America,* No. 4:12cv357, 2012 WL 2862882, at *2-3 (N.D. Ohio July 11, 2012), *aff'd*, 529 F. App'x 558 (6th Cir. 2013) (per curiam). To the extent that plaintiff generally challenges his placement on

7

psychiatric medications and in a prison area for inmates with psychiatric problems, he has not alleged any facts to trigger constitutional concerns or to link any of the defendants to the alleged impropriety. Finally, to the extent that plaintiff seeks to bring claims against new defendants Ryan Rush and "C.O. Henderson" based on incidents that occurred at SOCF on September 22, 2013 and in December 2013, such claims should be dismissed as duplicative of claims he has asserted in another case that is pending before this Court. *See Gerald Thompson v. Ohio Dep't of Rehab. & Corr.*, No. 1:14-cv-935 (S.D. Ohio) (Dlott, J.; Bowman, M.J.) (Docs. 1, 5, 11, 33, 42, 45-46).

Fourth, plaintiff has not stated a viable claim under § 1983 to the extent he seeks to bring a cause of action challenging disciplinary sanctions he has received based on "false conduct reports." It is well-settled that erroneous or even fabricated allegations of misconduct by an inmate, standing alone, do not constitute a deprivation of a constitutional right. *See, e.g., Reeves v. Mohr*, No. 4:11cv2062, 2012 WL 275166, at *2 (N.D. Ohio Jan. 31, 2012) (and cases cited therein); *see also Jackson v. Madery*, 158 F. App'x 656, 662 (6th Cir. 2005) ("False accusations of misconduct filed against an inmate do not constitute a deprivation of constitutional rights where the charges are adjudicated in a fair hearing."). Furthermore, plaintiff has not alleged facts suggesting that his placement in solitary confinement as a disciplinary sanction amounted to cruel and unusual punishment or deprived him of a constitutionally protected liberty interest. In *Sandin v. Conner*, 515 U.S. 472 (1995), the Supreme Court held that the Fourteenth Amendment confers on prisoners only a "limited" liberty interest "to freedom from restraint which . . . imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life," or which "will inevitably affect the duration of his sentence." *Sandin*, 515 U.S. at 484, 487; *see also Jones v. Baker*, 155 F.3d 810, 812 (6th Cir. 1998); *Williams v.*

*Wilkinson,* 51 F. App'x 553, 556 (6th Cir. 2002). The Sixth Circuit has held that confinement in segregation generally does not rise to the level of an "atypical and significant" hardship implicating a liberty interest except in "extreme circumstances, such as when the prisoner's complaint alleged that he is subject to an *indefinite* administrative segregation" or that such confinement was excessively long in duration. *Joseph v. Curtin*, 410 F. App'x 865, 868 (6th Cir. 2010) (citing *Harden-Bey v. Rutter*, 524 F.3d 789, 795 (6th Cir. 2008)) (emphasis in original); *see also Harris v. Caruso,* 465 F. App'x 481, 484 (6th Cir.) (holding that the prisoner's 8-year confinement in segregation was of "atypical duration" and thus "created a liberty interest that triggered his right to due process"), *cert. denied*, 133 S.Ct. 429 (2012). *Cf. Wilkinson v. Austin*, 545 U.S. 209, 223-24 (2005) (ruling that an inmate's transfer to Ohio's "supermax" prison "imposes an atypical and significant hardship" given the combination of extreme isolation of inmates, prohibition of almost all human contact, indefinite duration of assignment, and disqualification for parole consideration of otherwise eligible inmates).

Here, plaintiff has not alleged that prison disciplinary proceedings have resulted in the lengthening of his prison sentence, the withdrawal of good-time credits, or the deprivation of any necessities of life. In addition, he has not alleged facts suggesting that his disciplinary confinement in segregation was so lengthy in duration as to rise to the level of an atypical and significant hardship. Therefore, his allegations regarding prison disciplinary proceedings and sanctions are insufficient to give rise to a viable § 1983 claim. *Cf. Jones*, 155 F.3d at 812 (holding that an inmate's administrative segregation for two and a half years while his participation in a prison riot was being investigated did not amount to an atypical and significant hardship); *Mackey v. Dyke*, 111 F.3d 460, 461, 463 (6th Cir. 1997) (117-day delay in releasing the plaintiff from administrative segregation to the general prison population did not impose an

atypical or significant hardship on the plaintiff and thus did not trigger due process concerns); *Bradley v. Evans*, No. 98-5861, 2000 WL 1277229, at *7 (6th Cir. Aug. 23, 2000) (and numerous cases cited therein in support of holding that placement for 14 months in administrative segregation did not impose an atypical or significant hardship on the prisoner); *Collmar v. Wilkinson*, No. 97-4374, 1999 WL 623708, at *3 (6th Cir. Aug. 11, 1999) (30 days in Security Control, 14 days in Disciplinary Control and six to eight months in Administrative Control did not constitute an "atypical hardship" under *Sandin*).

Fifth, plaintiff has failed to state a viable claim under § 1983 against Dr. Ahmed. In order to state a claim of cruel and unusual punishment under the Eighth Amendment based on inadequate medical care, the plaintiff must allege facts indicating that (1) he had a "serious medical need," which is something "more than 'mere discomfort or inconvenience,'" and (2) the defendants knew of and disregarded an excessive risk to the inmate's health or safety. *Flanory v. Bonn*, 604 F.3d 249, 253-54 (6th Cir. 2010) (quoting *Talal v. White*, 403 F.3d 423, 426 (6th Cir. 2005)). The standard has both an objective and subjective component. *Blackmore v. Kalamazoo Cnty.*, 390 F.3d 890, 895 (6th Cir. 2004) (citing *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)). Under the objective component, a medical need is "serious if it is one that has been diagnosed by a physician as mandating treatment *or* one that is so obvious that even a lay person would easily recognize the necessity of a doctor's attention." *Id.* at 897 (internal citation and quotation marks omitted) (emphasis in original). Under the subjective component, the plaintiff must allege facts showing that prison officials had a "sufficiently culpable state of mind" in denying immediate medical care. *Id.* at 895. "Allegations of medical malpractice or negligent diagnosis or treatment fail to state an Eighth Amendment claim." *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976): *see also Flanory*, 604 F.3d at 254 (quoting *Farmer*, 511 U.S. at 835) ("Deliberate

10

indifference 'entails something more than mere negligence.'"). Instead, as the Supreme Court held in *Farmer*, to state a viable Eighth Amendment claim, the plaintiff must allege facts showing that prison officials both were "aware of facts from which the inference could be drawn that a substantial risk of serious harm exists" and also drew that inference. *Farmer*, 511 U.S. at 837; *see also Blackmore*, 390 F.3d at 896. "Knowledge of the asserted serious needs or of circumstances clearly indicating the existence of such needs, is essential to a finding of deliberate indifference." *Blackmore*, 390 F.3d at 896 (quoting *Horn by Parks v. Madison Cnty. Fiscal Court*, 22 F.3d 653, 660 (6th Cir. 1994)). Furthermore, as the Sixth Circuit has explained, "[w]here a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law." *Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976).

Here, plaintiff's claim against Dr. Ahmed is based on alleged inadequacies in the medical care that plaintiff has received. At most, plaintiff has alleged a claim of medical malpractice or negligence in his diagnosis and treatment at SOCF, which fails to implicate constitutional concerns. Therefore, he has not stated a viable claim under § 1983 against Dr. Ahmed.

## IT IS THEREFORE RECOMMENDED THAT:

Plaintiff's amended complaint submitted as an addition to the original complaint (*see* Doc. 10) be **DISMISSED** for failure to state a claim upon which relief may be granted, **except** that plaintiff is allowed to proceed on the following new claims: (1) claim against defendants Esham and Rogers based on their alleged use of excessive force in an incident that occurred on June 11, 2015 at SOCF; (2) claim against two "John Doe" defendants based on their

11

participation in the incident involving the alleged use of excessive force that occurred on January 25, 2015 at SOCF; and (3) claims against defendants Duke Cool and Cynthia Davis for failing to protect him from known risks to this safety. *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).

**IT IS THEREFORE ORDERED THAT:**

1. Plaintiff's motion to file an amended complaint (Doc. 10) is **GRANTED**.

2. The Order and Report and Recommendation issued October 2, 2015 addressing plaintiff's original complaint (Doc. 7) remains in effect, **except** that the recommendation in Doc. 7 that Rogers be dismissed as a defendant in this action is **VACATED**.

3. To the extent that plaintiff has submitted completed summons and United States Marshal forms for the defendants named in the original and amended complaints, the United States Marshal shall serve a copy of the original complaint (Doc. 6), amended complaint (Doc. 10), summons, the Order issued on October 2, 2015 granting plaintiff's *in forma pauperis* application (Doc. 5), the Order and Report and Recommendation issued October 2, 2015 addressing the original complaint (Doc. 7), and this Order and Report and Recommendation upon the following defendants who remain in the case, as directed by plaintiff: "Lt. Esham," "Nurse Hart," "Lt. Rogers," "Duke Cool," and "Cynthia Davis." All costs of service shall be advanced by the United States.

To the extent that plaintiff has not submitted summons and United States Marshal forms for any of the above listed defendants who remain in this action, plaintiff is **ORDERED** to submit completed summons and United States Marshal forms for those defendants within **thirty (30) days** of the date of this Order. Once the Court receives the completed forms, the Court will

order service of process by the United States Marshal on those defendants. The Clerk of Court is **DIRECTED** to send summons and United States Marshal forms to plaintiff for this purpose.

In addition, before service may be issued upon the "John Doe" defendants who remain in this action, plaintiff must file a motion to issue service setting forth the identity of those defendants. Plaintiff must also provide updated United States Marshal and summons forms for service on each John Doe defendant once he has discovered his or her identity. Plaintiff is therefore **ORDERED** to file a motion to issue service, including updated United States Marshal and summons forms, if and when plaintiff discovers the identity of the John Doe defendants through discovery. Plaintiff is advised that no service will be issued on the John Doe defendants unless plaintiff complies with this Order.

                                                                                s/Stephanie K. Bowman
                                                                                Stephanie K. Bowman
                                                                                United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

GERALD THOMPSON,                     Case No. 1:15-cv-553
       Plaintiff,

                                                 Barrett, J.
     vs.                                              Bowman, M.J.

LT. ESHAM, et al.,
       Defendants.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

cbc