UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Gerald Thompson,

    Plaintiff,                                      Case No. 1:15cv553

    v.                                            Judge Michael R. Barrett

Lt. Esham, *et al.*,

    Defendants.

## ORDER

This matter is before the Court upon the Magistrate Judge's October 2, 2015 Order and Report and Recommendation ("R&R") recommending that certain causes of action in Plaintiff's Complaint be dismissed; and ordering that Plaintiff provide the Court with service copies of his complaint in compliance with the Deficiency Order filed September 1, 2015. (Doc. 7). Plaintiff filed objections to the R&R (Doc. 11), but then also filed a Motion to Amend Complaint (Doc. 10).

On November 19, 2015, the Magistrate Judge entered a second Order and R&R ordering that Plaintiff's Motion to Amend be granted; ordering the October 2, 2015 Order and R&R remain in effect except that the recommendation in Doc. 7 that Rogers be dismissed as a Defendant is vacated; and recommending that certain claims in Plaintiff's Amended Complaint be dismissed. (Doc. 20). Plaintiff did not file objections to the November 19, 2015 R&R.

When objections to a magistrate judge's report and recommendation are received on a dispositive matter, the assigned district judge "must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed.

R. Civ. P. 72(b)(3). After review, the district judge "may accept, reject, or modify the recommended decision; receive further evidence; or return the matter to the magistrate judge with instructions." *Id.*; *see also* 28 U.S.C. § 636(b)(1).

Plaintiff objects to the dismissal of his claim against Defendant McCrosky for the loss or destruction of Plaintiff's personal property. Plaintiff maintains the property stolen or lost by McCrosky included *Brady* material, and therefore he has been denied due process. However, as the Magistrate Judge explained, Plaintiff has not alleged any facts which indicate that the state post-deprivation remedies are inadequate or unavailable to redress the wrong. *Accord Copeland v. Machulis*, 57 F.3d 476, 479 (6th Cir. 1995) (explaining that in a § 1983 case claiming the deprivation of a property interest without procedural due process of law, the plaintiff must plead and prove that state remedies for redressing the wrong are inadequate). In his Objections, Plaintiff has not pointed to any such allegations, or included any new allegations in his Amended Complaint which would support Plaintiff's claim. Therefore, the Court OVERRULES Plaintiff's Objections to the dismissal of his due process claim against Defendant McCrosky based on the loss or destruction of Plaintiff's personal property.

Plaintiff also objects to the dismissal of his claims against Defendants Sears, Hutchinson, Henson, Lewis, Layne and Butterbaugh for their alleged "big dog/pet cannibal dehumanizing practices" before and after every "chow." Plaintiff explains that evidence of these practices is contained in the "D.V.R." of his cell. Plaintiff elaborates that the dehumanizing practices include being rudely called a "big dog" and whistling at him as if he is a "big dog." However, as the Magistrate Judge explained, allegations of verbal abuse and harassment are insufficient to support a claim under Section 1983.

*Accord Wingo v. Tennessee Dep't of Corr.*, 499 F. App'x 453, 455 (6th Cir. 2012) ("Verbal harassment or idle threats by a state actor do not create a constitutional violation and are insufficient to support a section 1983 claim for relief.") (citing *Ivey v. Wilson*, 832 F.2d 950, 955 (6th Cir. 1987)). Therefore, the Court OVERRULES Plaintiff's Objections to the dismissal of his claims against Defendants Sears, Hutchinson, Henson, Lewis, Layne and Butterbaugh for their alleged dehumanizing practices.

Based on the foregoing, the Magistrate Judge's October 2, 2015 R&R (Doc. 7) is **ADOPTED** except to the extent that the Magistrate Judge's November 19, 2015 Order ordered that the recommendation that Rogers be dismissed as a defendant be vacated; and the November 19, 2015 R&R (Doc. 13) is **ADOPTED**.

Accordingly, it is **ORDERED** that:

1. The following causes of action alleged in Plaintiff's complaint are **DISMISSED** on the ground that Plaintiff has failed to state a claim upon which relief may be granted by this Court:

   a. Plaintiff's claim against Defendant McCrosky for the loss or destruction of Plaintiff's personal property;

   b. Plaintiff's claims against Defendants Sears, Hutchinson, Henson, Lewis, Layne and Butterbaugh for their alleged "big dog/pet cannibal dehumanizing practices."

2. The following causes of action alleged in Plaintiff's Complaint shall proceed:

   a. Plaintiff's claims against two SOCF staff members, "Lt. Esham" and "Nurse Hart," based on Esham's alleged use of excessive force against Plaintiff on January 25, 2015; and Hart's alleged denial of medical care to Plaintiff following the January 25, 2015 incident, which involved the use of mace."

3. Plaintiff's Amended Complaint (Doc. 10) is **DISMISSED** for failure to state a claim upon which relief may be granted, except for the following claims:

   a. Plaintiff's claim against Defendants Esham and Rogers based on their alleged use of excessive force in an incident that occurred on June 11,

3

      2015 at SOCF;

b. Plaintiff's claim against two "John Doe" defendants based on their participation in the incident involving the alleged use of excessive force that occurred on January 25, 2015 at SOCF; and

c. Plaintiff's claims against defendants Duke Cool and Cynthia Davis for failing to protect him from known risks to his safety.

**IT IS SO ORDERED.**

                                                    */s/ Michael R. Barrett*
                                        JUDGE MICHAEL R. BARRETT