UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

GERALD THOMPSON,      Civil Action No. 1:15-cv-553

    Plaintiff,      Barrett, J.
                                                                                            Bowman, M.J

vs.

LT. ESHAM, *et al.*,

    Defendants.

**REPORT AND RECOMMENDATION**

This civil rights action is now before the Court on Plaintiff's motions for a Preliminary Injunction. (Docs. 12, 14, 16). Also before the court is Plaintiff's most recent filing titled "memorandum concerning current prayer for injunctive relief." (Doc. 25).

**I. Background and Facts**

Plaintiff, an inmate at the Southern Ohio Correctional Facility (SOCF), brings this civil rights action under 42 U.S.C. § 1983 against nine SOCF correctional officers and a nurse at SOCF. (See Doc. 1, Complaint, p. 4). By separate Order, plaintiff has been granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Plaintiff alleges, *inter alia*, that he was subjected to excessive force and subsequent denial of medical care in violation of the Eighth Amendment rights.[1] Thereafter, Plaintiff filed an amended complaint that added claims that defendants failed to protect him in violation of his constitutional rights.

---

[1] The original complaint and the amended complaint were subjected to sua sponte review by the Court to determine whether the complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. See Prison Litigation Reform Act of 1995 § 804, 28 U.S.C. § 1915(e)(2)(B); § 805, 28 U.S.C. § 1915A(b). Upon review, several of Plaintiff's proposed claims were dismissed at this stage. (See Docs. 7, 13, 23).

Based on these allegations, Plaintiff filed a motion for protective custody and immediate medical care. (Doc. 12). Plaintiff's motion seeks injunction relief and purportedly requests to be released from solitary confinement. Plaintiff also complains about his treatment by other inmates regarding his religious practices. Plaintiff requests to be placed in protective custody.

On December 14, 2015, Plaintiff filed an additional motion for injunctive relief, therein requested immediate placement protective custody "due to . . . threats of assaults/excessive force and the actual assaults." (Doc. 14). Plaintiff appears to assert that he is in danger from other inmates because employees at SOCF gave inmates details regarding his case, which included murdering his wife.

Last, Plaintiff filed another motion for injunctive relief on January 22, 2016. (Doc. 16). Plaintiff again requested to be placed in protective custody because of threats and alleged assaults from other inmates and SOCF employees due to rumors related to the murder of his wife.

Upon careful review, the undersigned herein recommends that Plaintiff's motions be denied.

**II. Plaintiff's Motions are not Well-Taken**

In determining whether to issue a temporary restraining order and/or preliminary injunction, this Court must balance the following factors:

1. Whether the party seeking the injunction has shown a substantial likelihood of success on the merits;

2. Whether the party seeking the injunction will suffer irreparable harm absent the injunction;

3. Whether an injunction will cause others to suffer substantial harm; and

4. Whether the public interest would be served by a preliminary injunction.

*Ratcliff v. Moore*, 614 F.Supp.2d 880 (S.D.Ohio 2009) (citing *U.S. v. Bayshore Associates, Inc.*, 934 F.2d 1391, 1398 (6th Cir.1991)).

Inmates have a constitutionally protected right to personal safety grounded in the Eighth Amendment. *Farmer v. Brennan*, 511 U.S. 825, 833, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994). Prison staff are obliged "to take reasonable measures to guarantee the safety of the inmates" in their care. *Hudson v. Palmer*, 468 U.S. 517, 526–27 (1984). Thus, to establish a substantial likelihood of success on his Eighth Amendment claim against defendants, Plaintiff must present evidence showing that defendants are deliberately indifferent to a known risk of harm to Plaintiff. *Farmer*, 511 U.S. at 825. *See also Woods v. Lecureux*, 110 F.3d 1215, 1222 (6th Cir.1997); *Gibson v. Foltz*, 963 F.2d 851, 853 (6th Cir.1992); *Marsh v. Arn*, 937 F.2d 1056, 1060–61 (6th Cir.1991); *Walker v. Norris*, 917 F.2d 1449, 1453–54 (6th Cir.1990). A prison official may be held liable for his failure to protect inmates from attacks by other inmates only if he knows that an inmate faces "a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Farmer,* 511 U.S. at 847. Prison officials must exhibit more than a lack of due care for a prisoner's safety before an Eighth Amendment violation will be found. Id. at 835; *Gibson*, 963 F.2d at 853. "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837. It is not enough that the official "should" have perceived a significant risk, but did not. *Id.*

The undersigned finds that Plaintiff has not alleged facts sufficient to warrant a temporary restraining order or a preliminary injunction. Plaintiff has not alleged facts

indicating a substantial likelihood of success on the merits of his constitutional claims, and he has not alleged facts showing that he will suffer irreparable harm absent a preliminary injunction. Although Plaintiff alleges a general threat to his safety as a result of Defendants alleged dissemination of the details of his underlying crime, he fails to provide specific facts in support of his claims. Instead, his motions contain conclusory allegations and general complaints. As such, he fails to establish that a substantial risk of harm in fact exists. *Farmer*, 511 U.S. at 847.

In addition, an injunction is also not warranted in this case because the purpose of a preliminary injunction, to preserve the status quo until a trial on the merits can be held, would not be served. *See Southern Milk Sales, Inc. v. Martin*, 924 F.2d 98, 102 (6th Cir.1991). The present status quo in this case is, according to Plaintiff, that he has suffered numerous violations of his constitutional rights. The remedy Plaintiff presently seeks is more than an injunction maintaining the status quo; he seeks an Order from this Court requiring Defendants to affirmatively correct constitutional deficiencies yet to be proven. Such affirmative relief is generally beyond the scope and purpose of preliminary injunctive relief. *Id.*

Accordingly, the undersigned **RECOMMENDS** that Plaintiff's motions for a temporary restraining order and/or preliminary injunction (Docs. 12, 14, 16) should be denied.

    *s/*Stephanie K. Bowman
Stephanie K. Bowman
United States Magistrate Judge

### UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

| | |
|---|---|
| GERALD THOMPSON, | Civil Action No. 1:15-cv-553 |
| Plaintiff, | Barrett, J. |
| vs. | Bowman, M.J |
| LT. ESHAM, *et al.*, | |
| Defendants. | |

### NOTICE

Pursuant to Fed. R. Civ. P 72(b), any party may serve and file specific, written objections to this Report and Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).