UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Gerald Thompson,

    Plaintiff,                                    Case No. 1:15cv553

    v.                                            Judge Michael R. Barrett

Lt. Esham, *et al.*,

    Defendants.

## ORDER

This matter is before the Court upon the Magistrate Judge's March 7, 2016 Report and Recommendation ("R&R") recommending that Plaintiff's motions for a temporary restraining order and/or preliminary injunction (Docs. 12, 14, 16) be denied. Plaintiff filed objections to the R&R. (Docs. 28, 31, 38).

The filing of timely objections requires the court to "make a de novo determination of those portions of the report or specified findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). However, "[o]verly general objections do not satisfy the objection requirement." *Spencer v. Bouchard*, 449 F.3d 721, 725 (6th Cir. 2006), *abrogated on other grounds by Jones v. Bock*, 549 U.S. 199, 220-21 (2007). "'[O]bjections disput[ing] the correctness of the magistrate's recommendation but fail[ing] to specify the findings . . . believed [to be] in error' are too general." *Id.* (quoting *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995)).

Here, Plaintiff does little to specify the findings in the Magistrate Judge's R&R which Plaintiff believes to be in error. Instead, Plaintiff repeats many of the same allegations he made in his motions. In addressing these motions, the Magistrate Judge

explained that Plaintiff has not alleged facts sufficient to warrant a temporary restraining order or a preliminary injunction. The Magistrate Judge explained that while Plaintiff alleges a general threat to his safety, Plaintiff fails to provide specific facts in support of his claims.

Federal Rule of Civil Procedure 65(b) permits a party to seek a restraining order when the party believes it will suffer immediate and irreparable injury, loss, or damage. Fed.R.Civ.P. 65(b). The same factors are considered in determining whether to issue a temporary restraining order or a preliminary injunction. *Northeast Ohio Coalition for the Homeless v. Blackwell*, 467 F.3d 999, 1009 (6th Cir. 2008). These factors are: (1) whether the movant has a strong likelihood of success on the merits; (2) whether the movant would suffer irreparable injury absent an injunction; (3) whether granting the injunction will cause substantial harm to others; and (4) whether the public interest is served by issuance of the injunction. *Id.* Preliminary injunctive relief is an extraordinary remedy that should be granted only if the movant carries his burden of proving that the circumstances clearly demand it. *See Overstreet v. Lexington–Fayette Urban County Gov't*, 305 F.3d 566, 573 (6th Cir. 2002). The proof required for the plaintiff to obtain a preliminary injunction is much more stringent than the proof required to survive a summary judgment motion. *Leary v. Daeschner*, 228 F.3d 729, 739 (6th Cir. 2000).

In order for a prisoner to prevail on an Eighth Amendment claim, he must establish that he faced a sufficiently serious risk to his health or safety and that the defendants acted with "'deliberate indifference' to [his] health or safety." *Mingus v. Butler*, 591 F.3d 474, 479–80 (6th Cir. 2010) (citing *Farmer v. Brennan*, 511 U.S. 825, 834, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994)). In his objections, Plaintiff explains that

he was assaulted by an inmate after the inmate read publicly available documents on the law library computer and discovered that Plaintiff had provided information to authorities regarding a drug distribution operation within the prison system.  Plaintiff also describes an incident which occurred on March 5, 2016.  (Doc. 28, PAGEID #249).  In this recent incident, Plaintiff explains that while he was sleeping, another inmate grabbed Plaintiff's legs through the bars of his cell and attempted to stab him.  Plaintiff also claims that certain security threat groups—the Aryan Brotherhood and the Crips—have made threats on his life.

Not every injury perpetrated by one prisoner against another rises to the level of a constitutional violation.  *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994).  To establish a substantial likelihood of success on his Eighth Amendment claim, Plaintiff must show that prison officials are aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and the prison officials must also draw the inference."  *Id*. at 837.  It is not enough that a prison official "should" have perceived a significant risk, but did not.  *Id*.

> For example, if an Eighth Amendment plaintiff presents evidence showing that a substantial risk of inmate attacks was "longstanding, pervasive, well–documented, or expressly noted by prison officials in the past, and the circumstances suggest that the defendant-official being sued had been exposed to information concerning the risk and thus 'must have known' about it, then such evidence could be sufficient to permit a trier of fact to find that the defendant-official had actual knowledge of the risk."

*Id.* at 842.  At this stage of the proceedings, Plaintiff has not established a likelihood of success on his claim under the Eighth Amendment based on the risk of harm Plaintiff faces from other inmates.

In addition to the retaliation he has suffered at the hands of inmates, Plaintiff

describes retaliation by correctional officers in the form of denying him protective custody. Plaintiff also states that the assaults by the correctional officers "are too rapid to count." (Doc. 31, PAGEID #273).

As to the failure to deny Plaintiff protective control, this Court cannot "freely substitute [its] judgment for that of officials who have made a considered choice." *Whitley v. Albers*, 475 U.S. 312, 322, 106 S.Ct. 1078, 89 L.Ed.2d 251 (1986). Plaintiff has failed to show he will suffer irreparable harm in the absence of an immediate injunction in this case given his current placement. As to the assaults which are "too rapid to count," the Court finds that these allegations do not support the issuance of injunctive relief.

Moreover, as the Magistrate Judge explained, the remedy Plaintiff seeks is more than an injunction maintaining the status quo: he seeks an Order from this Court requiring Defendants to affirmatively correct constitutional deficiencies yet to be proven. Such affirmative relief is generally beyond the scope and purpose of preliminary injunctive relief. *See* 18 U.S.C. § 3626(a)(2) ("In any civil action with respect to prison conditions . . . [p]reliminary injunctive relief must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm.").

Based on the foregoing, the Magistrate Judge's Magistrate Judge's March 7, 2016 R&R (Doc. 26) is **ADOPTED**. Plaintiff's motions for a temporary restraining order and/or preliminary injunction (Docs. 12, 14, 16) are **DENIED**.

**IT IS SO ORDERED.**

                                           */s/ Michael R. Barrett*
                                           JUDGE MICHAEL R. BARRETT