UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

GERALD THOMPSON,

    Plaintiff,

vs.

LT. ESHAM, et al.,

    Defendants.

Civil Action No. 1:15-cv-553

Barrett, J.
Bowman, M.J

**REPORT AND RECOMMENDATION**

This civil rights action is now before the Court on Plaintiff's fourth motion for injunctive relief. (Doc. 70). For the reasons set forth below, it is recommended that the motion be denied.

**I.    Background and Facts**

Plaintiff, an incarcerated individual who proceeds *pro se*, tendered a complaint against multiple defendants on August 24, 2015. (Doc. 1-1).[1] After Plaintiff corrected several procedural deficiencies, the undersigned granted Plaintiff's motion to proceed *in forma pauperis* against some of the identified individuals on claims of excessive force and denial of medical care in alleged violation of the Eighth Amendment while recommending dismissal of other claims and defendants. (Docs. 5, 7). On October 23, 2015, Plaintiff filed an amended complaint that was considered an addition to the

---

[1] The undersigned takes judicial notice that Plaintiff has filed three other civil rights cases in the Southern District of Ohio concerning his conditions of confinement: Case Nos. 1:14-cv-935, 1:16-cv-812, and 2:17-cv-461. Plaintiff's claims have been dismissed in Case No. 1:14-cv-935 (summary judgment granted to Defendants) and Case No. 2:17-cv-461 (complaint dismissed for failure to state a claim). In Case No. 1:16-cv-812, discovery has closed and dispositive motions must be filed by January 31, 2018.

original complaint. (Docs. 10, 13). The undersigned recommended that Plaintiff be permitted to proceed on several of the additional claims regarding excessive force and failure to protect in alleged violation of the Eighth Amendment while recommending dismissal of other claims and defendants. (Doc. 13).[2] The undersigned's recommendations were adopted by the district judge on February 22, 2016. (Doc. 23).

Since initiating this case, Plaintiff has filed multiple motions seeking injunctive relief based on allegations of threatened assault, actual assault and excessive force. These motions are similar (or in this particular instance, identical) to the motions filed in his other civil rights cases.[3] On March 7, 2016, the undersigned filed a Report and Recommendation ("R&R") that detailed the history of this case and that recommended denying three of Plaintiff's motions for injunctive relief. (Doc. 26). That Report and Recommendation was adopted by the district judge on August 10, 2016. (Doc. 51).

In the fourth motion for injunctive relief presently before the Court, Plaintiff raises issues pertaining to threatened assaults, actual assaults, and defamation of character. (Doc. 70). His specific allegations of assault include: "2.1.17 MA C.I. Phone Assaulted By Inmate Payne"; "3.21.17 Scalding Water from Microwave Thrown At My Face"; and "4.28.17 Assaulted by Shawn Nook Inmate & C.O. Bennett." (Doc. 70, PageId 610).[4] He also makes general allegations of "homosexual pressuring(s) & assault." (*Id.*,

---

[2] Plaintiff subsequently filed a second amendment to the complaint (Doc. 18), which the undersigned construed as a motion requesting leave to file an amendment to the complaint (Doc. 21). That motion is pending.

[3] In Case No. 1:16-cv-00812, Plaintiff has filed seven motions seeking injunctive relief that each have been denied. Plaintiff also has been warned not to refile previously filed motions that have been ruled upon by the Court and that future repetitive motions will be stricken without further comment. Similarly, in Case No. 1:14-cv-00935, Plaintiff filed five motions seeking injunctive relief that each were denied.

[4] The 4.28.17 allegation of assault was the subject of Plaintiff's Complaint in Case No. 2:17-cv-461, which has been dismissed for failure to state a claim upon which relief can be granted (Doc. 9) (recommending dismissal of Plaintiff's claim that "on April 28, 2017, he was '[a]ssaulted by Shawn Nook Inmate & C.O. Bennett.'"), *recommendation adopted at* (Doc. 10).

PageId 608). His allegation as to defamation of character concerns being called "big dog/cannibal[.]" (*Id.*, PageId 609).[5] Plaintiff requests placement in protective custody, immediate medical care for alleged injuries and ailments, replacement of stolen property, and a reduction of his current custody with a transfer to a residential treatment unit. (*Id.*, PageId 615-16). This exact same motion previously was denied in two of Plaintiff's other civil rights cases. (Docs. 41 and 42 in Case No. 1:16-cv-00812) (denying motion for injunctive relief without awaiting response from Defendants in accordance with prior warning not to file repetitive motions); (Doc. 88 in Case No. 1:14-cv-00935) (denying motion for injunctive relief by notational order).

## II. Analysis

In lieu of setting forth the same factors and the same analysis, the undersigned incorporates, as if restated in full, the undersigned's prior analysis of Plaintiff's three previous motions seeking injunctive relief. (Doc. 26). Nothing in this most recent motion (Doc. 70) alters that prior analysis or entitles him to the relief he seeks at this juncture. *See also generally Ratcliff v. Moore*, 614 F. Supp. 2d 880 (S.D. Ohio 2009) (citing *U.S. v. Bayshore Assocs.*, 934 F.2d 1391, 1398 (6th Cir. 1991)) and (Doc. 19 in Case No. 1:16-cv-812, R&R filed Jan. 18, 2017).

## III. Conclusion

For the reasons set forth above and in prior R&Rs, **IT IS RECOMMENDED** that Plaintiff's fourth motion for injunctive relief (Doc. 70) be **DENIED**, without awaiting a response from Defendants, and alternatively, be stricken from the record. Plaintiff is

---

[5] This same issue was asserted by Plaintiff in the complaint and has already been dismissed by this Court. (Doc. 23, PageId 190-91) (dismissing claims against certain defendants for their alleged "big dog/pet cannibal dehumanizing practices").

again warned not to refile motions that previously have been ruled upon by the Court. Future repetitive motions will be stricken without further comment.

                                            *s/ Stephanie K. Bowman*
                                            Stephanie K. Bowman
                                            United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

GERALD THOMPSON,     Civil Action No. 1:15-cv-553

    Plaintiff,     Barrett, J.
                                    Bowman, M.J
    vs.

LT. ESHAM, et al.,

    Defendants.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof.  That period may be extended further by the Court on timely motion by either side for an extension of time.  All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections.  A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

5