UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

GERALD THOMPSON,                   Civil Action No. 1:15-cv-553

    Plaintiff,                                  Barrett, J.
                                            Bowman, M.J
  vs.

LT. ESHAM, *et al.*,

    Defendants.

**REPORT AND RECOMMENDATION**

This pro se prisoner civil rights action brought pursuant to 42 U.S.C. § 1983 commenced in August 2015. On February 1, 2016, plaintiff filed a "supplemental complaint" to add four new defendants including claims against a Defendant Shaw and more allegations of mistreatment at SOCF. (Doc. 18). The undersigned construed this pleading (Doc. 18) as a motion requesting leave to file an amendment to the complaint to be addressed after the five defendants who remain in the case have been served with process and have had the opportunity to respond to plaintiff's motion. Although leave of court to file the amended complaint was not granted, Plaintiff's amended complaint was served on Defendant Hall. (Doc. 29). Thereafter, Defendants filed a motion for summary judgment, but did not include Defendant Hall. (*See* Doc. 18). Defendant's motion for summary judgment was granted by the Court on February 5, 2018. Accordingly, to the extent that any ambiguity in the record exists, Plaintiff's proposed amended complaint is not well-taken and any claims purportedly raised against Defendant Shaw and should be dismissed.

"Under Rule 15(a)(1), a party may amend the complaint once as a matter of course before being served with a responsive pleading." *Broyles v. Correctional Medical Serv., Inc.,* 2009 WL 3154241 (6th Cir. 2009); *see Pertuso v. Ford Motor Credit Co.,* 233 F.3d 417, 421 (6th Cir. 2000). The Sixth Circuit has described this Rule as giving plaintiffs an "absolute right to amend." *Pertuso,* 233 F.3d at 421.

However, where a responsive pleading has been filed, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed.R.Civ.P. 15(a)(2). Although the "court should freely give leave when justice so requires," Fed.R.Civ.P. 15(a)(2), provides that leave to amend may be denied for: (1) undue delay, (2) lack of notice to the opposing party, (3) bad faith, (4) repeated failure to cure in prior amendments, (5) prejudice to the opposing party, or (6) futility of the amendments. *Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962); *Perkins v. American Elec. Power Fuel Supply, Inc.,* 246 F.3d 593, 605 (6th Cir. 2001). "Amendment of a complaint is futile when the proposed amendment would not permit the complaint to survive a motion to dismiss." *Miller v. Calhoun Cnty.,* 408 F.3d 803, 817 (6th Cir. 2005). To survive a motion to dismiss, a Complaint must contain sufficient factual allegations to state a claim that is plausible. *Ashcroft v. Iqbal,* 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009); *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007).

Here, Plaintiff's proposed amendments are futile because they fail to state a claim upon which relief may be granted by this Court. Plaintiff's motion consists solely of unsupported allegations and conclusory statements. As such, Plaintiff cannot prove any § 1983 civil rights violations committed by the Defendant Shaw. Accordingly, the

undersigned finds that Plaintiff's proposed claims against Defendant Shaw would not survive a motion to dismiss because the factual allegations do not state any plausible claim for relief. It is therefore **RECOMMENDED** that Plaintiff's motion for leave to amend (Doc. 18) should be **DENIED** and this case remain **CLOSED**.

   *s/*Stephanie K. Bowman
Stephanie K. Bowman
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

GERALD THOMPSON,            Civil Action No. 1:15-cv-553

    Plaintiff,                            Barrett, J.
                                       Bowman, M.J
    vs.

LT. ESHAM, *et al.*,

    Defendants.

**NOTICE**

Pursuant to Fed. R. Civ. P 72(b), any party may serve and file specific, written objections to this Report and Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).