# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | |
|---|---|
| GERALD THOMPSON,<br>  Plaintiff/Appellant, | Case No. 1:15-cv-553 |
| | Barrett, J. |
| vs. | Bowman, M.J. |
| LT. ESHAM, et al.,<br>  Defendants/Appellees. | **REPORT AND<br>RECOMMENDATION** |

Plaintiff/appellant is an inmate at the Southern Ohio Correctional Facility (SOCF) in Lucasville, Ohio.[1] On February 5, 2018, the Court entered a final order and judgment granting defendants' motion for summary judgment. (Docs. 80, 81). Thereafter, on March 28, 2018, and October 5, 2018, respectively, the Court entered Orders denying plaintiff/appellant's motions to amend the complaint and for preliminary injunctive relief. (Docs. 85, 87).

On October 29, 2018, plaintiff/appellant filed a notice of appeal to the United States Court of Appeals for the Sixth Circuit. (Doc. 88). Plaintiff/appellant filed a second notice of appeal on November 1, 2018. (Doc. 90). Plaintiff/appellant has failed to submit the $505.00 filing fee or a motion to proceed *in forma pauperis* on appeal. The Court will not enter a deficiency order in this regard, however, because under the "three strikes" provision set forth in 28 U.S.C. § 1915(g), plaintiff/appellant is prohibited from obtaining pauper status on appeal in this civil action. *See* 28 U.S.C. § 1915(g).[2] Nor has Plaintiff/appellant alleged particular facts

---

[1] It does not appear that plaintiff/appellant has formally updated his place of confinement for purposes of the docket sheet. However, from the return address noted on his notices of appeal (Docs. 88, 90) and the Ohio Department of Rehabilitation and Correction's website, it appears that plaintiff/appellant is currently incarcerated at SOCF. Although it is plaintiff/appellant's responsibility to apprise the Court of changes in his address, for purposes of clarity, the **Clerk of Court** is **DIRECTED to update the docket sheet** with plaintiff/appellant's current place of confinement.

[2] Plaintiff/appellant's complaints in the following three cases have been dismissed for failure to state a claim upon which relief may be granted: *See Thompson v. Bennett*, Case No. 2:17-cv-461 (S.D. Ohio Nov. 3, 2017)

showing any immediate or impending serious physical injury in existence at the time he filed his notices-of-appeal. (*See* Docs. 88, 90). Plaintiff/appellant therefore does not qualify for the exception to the "three strikes" provision in § 1915(g) for prisoners who are "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). *See Banos v. O'Guin*, 144 F.3d 883, 885 (5th Cir. 1998) (finding that the prisoner appellant was not entitled to pauper status on appeal where he failed to establish that he faced imminent danger of serious physical injury at the time the appeal was filed). Allegations of past harms are insufficient to meet the exception. *Abdul-Akbar v. McKelvie*, 239 F.3d 307, 315 (3rd Cir. 2001) (en banc).

Further, for the reasons stated in the undersigned's January 12, 2018 Report and Recommendation (Doc. 78) to grant defendants' motion for summary judgment, adopted by the District Court on February 5, 2018 (Doc. 80), the undersigned's February 6, 2018 Report and Recommendation (Doc. 82) to deny plaintiff/appellant's motion for leave to amend the complaint, adopted by the District Court on March 28, 2018 (Doc. 85), and the undersigned's October 5, 2018 Order (Doc. 87) denying plaintiff/appellant's motion for preliminary injunctive relief, plaintiff/appellant's appeal is not taken in good faith. *See* 28 U.S.C. § 1915(a)(3).

Accordingly, plaintiff/appellant is not entitled to proceed on appeal without paying the filing fee. It is therefore **RECOMMENDED** that plaintiff/appellant be assessed the appellate filing fee and be given thirty days within which to pay it.

                                               *s/Stephanie K. Bowman*
                                               Stephanie K. Bowman
                                               United States Magistrate Judge

---

(Smith, J.; Deavers, M.J.) (Doc. 44); *Thompson v. Erdos*, Case No. 1:16-cv-770 (S.D. Ohio Jan. 3, 2017) (Black, J.; Litkovitz, M.J.) (Doc. 19); *Thompson v. Koch*, Case No. 1:15-cv-1746 (N.D. Ohio Oct. 20, 2015) (Gwin, J.) (Doc. 3).

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| GERALD THOMPSON,<br>    Plaintiff/Appellant, | Case No. 1:15-cv-553 |
| vs. | Barrett, J.<br>Bowman, M.J. |
| LT. ESHAM, et al.,<br>    Defendants/Appellees. | **NOTICE** |

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).